**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 99-11383**
**Summary Calendar**

**In The Matter of: WILLIAM D. JOSSERAND, SR.,**

**Debtor.**

-------------------------

**WILLIAM D. JOSSERAND, SR.,**

**Appellant,**

**VERSUS**

**JAMES W. CUNNINGHAM, Trustee,**

**Appellee.**

Appeal from the United States District Court
For the Northern District of Texas
(4:99-CV-118-Y)

July 26, 2000

Before EMILIO M. GARZA, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

William D. Josserand, Sr. ("the Debtor") transferred certain of his property to his grandchildren and to his ex-wife within one year before he filed his petition in bankruptcy.  The bankruptcy court found that such transfers were marked by eight of the 11 "badges of fraud" under the Texas Business and Commerce Code;[2] and that such transfers were made with the intent to hinder, delay, or defraud creditors.  Accordingly, the bankruptcy court denied the debtor a discharge in bankruptcy.  Debtor appealed to the district court who determined that there was ample evidence to support the denial of the debtor's discharge and affirmed the decision of the bankruptcy court.  Debtor appeals to this Court.

We have carefully reviewed the briefs, the record excerpts, and relevant portions of the record itself.  We find no reversible error and accordingly affirm the decision of the district court which affirmed the decision of the bankruptcy court.

**AFFIRMED.**

---

[2]The badges of fraud in Texas are listed in Texas Business and Commerce Code § 24.005(b) (the Texas Uniform Fraudulent Transfers Act).